UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

LAINIE MANGOME; and MARIA MANGOME,

                                         Plaintiffs,

            -against-

THE CITY OF NEW YORK; COMMISSIONER RAYMOND W. KELLY; SUPERVISOR POLICE OFFICER JOHN DOE # 1; DETECTIVE TORO, Shield # 2206; and POLICE OFFICER JOHN DOES 1-5, the individual defendants sued individually and in their official capacities,

                                        Defendants.

**COMPLAINT**

06 CV 0859 (LBS) (AJP)

ECF Case

Jury Trial Demanded

------------------------------------------------------------------------ X

**PRELIMINARY STATEMENT**

      1.      This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  The claims arise from an incident, which occurred on or about May 11, 2005 in New York, New York.  During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiffs to, among other things, false arrest, excessive force, malicious prosecution, unlawful search and seizure, unlawful strip search, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conversion of chattel, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. A notice of claim, for each plaintiff, was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiffs' claims. Moreover, this action was filed within one year and 90 days of the incidents that are the basis of this case.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in New York County and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Lainie Mangome is a resident of the State of New York, New York County.

6. Plaintiff Maria Mangome is a resident of the State of New York, New York County.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

8. Defendant Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiffs' rights as described herein.

9. Defendant Supervisor Police Officer John Doe # 1 is a New York City Police Officer employed with the Narcotics Bureau Manhattan North and/or the 25th Precinct located in New York, New York who violated plaintiffs' rights as described herein.

10. Defendant Toro is a New York City Police Detective, assigned Shield # 2206, employed with the Narcotics Bureau Manhattan North and/or the 25th Precinct located in New York, New York who violated plaintiffs' rights as described herein.

11. Defendant Police Officer John Does # 1-5 are New York City Police Officers employed with the Narcotics Bureau Manhattan North and/or the 25th Precinct located in New York, New York who violated plaintiffs' rights as described herein.

12. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

13. The following is a summary set forth for the purpose of demonstrating, averring, and providing notice of plaintiffs' claims against the defendants. Plaintiffs have not set forth each and every fact concerning the incidents and claims described below.

14. On May 11, 2005, starting at approximately 2:20 p.m. at 2383 2nd Avenue, Apt. # 1401, New York, New York, several police officers of the Narcotics Bureau Manhattan North and/or the 25th Precinct, including Supervisor Police Officer John Doe # 1, Detective Toro, and Police Officer John Does # 1-5 committed the following illegal acts against plaintiffs.

15. Plaintiffs Lainie Mangome and Maria Mangome were in their home located at 2383 2nd Avenue, Apt. # 1401, New York, New York when Supervisor Police Officer

John Doe # 1, Detective Toro, and Police Officer John Does # 1-5 without either consent, an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime unlawfully entered plaintiffs' home.

16. To gain access to the apartment, Supervisor Police Officer John Doe # 1, Detective Toro, and Police Officer John Does # 1-5 maliciously and unnecessarily broke through the front door of plaintiffs' apartment.

17. While inside 2383 2nd Avenue, Apt. # 1401, New York, New York, Supervisor Police Officer John Doe # 1, Detective Toro, and Police Officer John Does # 1-5 without either consent, an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime falsely arrested plaintiffs.

18. Once Supervisor Police Officer John Doe # 1, Detective Toro, and Police Officer John Does # 1-5 entered 2383 2nd Avenue, Apt. # 1401, New York, New York, plaintiffs were not free to disregard the defendants' questions, walk way or leave the apartment.

19. During the arrest of plaintiff Lainie Mangome (a young woman who offered no resistance to the defendant officers' actions), defendants Supervisor Police Officer John Doe # 1, Detective Toro, and Police Officer John Does # 1-5 maliciously, gratuitously, and unnecessarily grabbed and struck plaintiff, shoved plaintiff into a kitchen counter, causing plaintiff's back to strike a kitchen counter and plaintiff's face to strike a cabinet. Thereafter, defendants threw plaintiff from the kitchen to the living room. Those defendants who did not touch plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

20. When plaintiff Lainie Mangome complained about the above mentioned acts, Supervisor Police Officer John Doe # 1, Detective Toro, and Police Officer John Does # 1-5

strip-searched plaintiff in her bathroom and then placed her in excessively tight handcuffs. Those defendants who did not touch plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

21. During the arrest of plaintiff Maria Mangome (a middle aged woman who offered no resistance to the defendant officers' actions), defendants Supervisor Police Officer John Doe # 1, Detective Toro, and Police Officer John Does # 1-5 maliciously, gratuitously, and unnecessarily grabbed and yanked plaintiff from her bed, and struck plaintiff's wrists with handcuffs.  Those officers who did not physically assault plaintiff observed those officers who did but failed to intervene.

22. Further, the defendant officers unnecessarily and retaliatory kept plaintiff Maria Mangome in handcuffs within her home for several hours.

23. When plaintiffs complained about the defendants' conduct, Supervisor Police Officer John Doe # 1, Detective Toro, and Police Officer John Does # 1-5, in retaliation of plaintiffs' free speech, became verbally abusive and searched plaintiffs' home without either consent, an arrest warrant, a search warrant, probable cause, or reasonable suspicion, damaging plaintiff's personal property.

24. Supervisor Police Officer John Doe # 1 supervised the aforesaid misconduct of the defendants.

25. Thereafter, with Supervisor Police Officer John Doe # 1 's approval, Detective Toro, and Police Officer John Does # 1-5 transported plaintiff Lainie Mangome to the 25th Precinct where defendants, in further retaliation, strip-searched plaintiff in a non-private manner without either an arrest warrant, a search warrant, probable cause, or reasonable suspicion to justify the search.  Supervisor Police Officer John Doe # 1 supervised the above

described strip-search.  Upon information and belief, plaintiff Lainie Mangome had been arrested for a misdemeanor or a lesser offense.

26. While plaintiff Lanie Mangome was incarcerated at the 25th Precinct, and Manhattan Central Booking awaiting arraignment, Supervisor Police Officer John Doe # 1, Detective Toro, and Police Officer John Does # 1-5, pursuant to a conspiracy, falsely and maliciously told the Manhattan County District Attorney's Office that plaintiff had committed a crime.  However, the Manhattan County District Attorney's Office declined to prosecute plaintiff.

27. The individual defendants acted in concert in committing the aforesaid illegal acts toward plaintiffs.

28. Plaintiffs did not resist arrest at any time during the above incidents.

29. Plaintiffs did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

30. The individual defendants did not observe plaintiffs engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

31. At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person that plaintiffs had engaged in suspicious, unlawful or criminal conduct.

32. The aforesaid events were not an isolated incident.  Defendants Supervisor Police Officer John Doe # 1 and Commissioner Raymond W. Kelly have been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on: search procedures, use of force,

investigations, search of an arrestees, and the treatment of individuals who are found at a location that is the subject an incident.  Supervisor Police Officer John Doe # 1 and Commissioner Kelly are further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, Supervisor Police Officer John Doe # 1 and Commissioner Kelly have failed to take corrective action.   This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33.     Moreover, Supervisor Police Officer John Doe # 1 and Commissioner Kelly were aware prior to the incident that the defendant officers lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, Commissioner Kelly has retained these officers, and failed to adequately train and supervise them.

34.     Further, in Shain v. Ellison, 273 F.3d 56 (2d Cir. 2001), the Second Circuit held that the Fourth Amendment to the United States Constitution prohibits officials from performing strip searches of pretrial detainees charged with misdemeanors or other lesser offenses unless there exists reasonable suspicion that the detainee is concealing a weapon or other contraband based on the crime charged, the particular characteristics of the arrestee, or the circumstances of the arrest.

35.     NYPD has ignored the Second Circuit's mandate in Shain by continuing to enforce its unlawful strip search policy.

36.     Plaintiff Lainie Mangome was subjected to NYPD's unlawful policy of strip-searching detained and incarcerated individuals.

37.     Moreover, the fact that the strip search of plaintiff Lainie Mangome was carried out in a non-private manner, regardless of the criminal charge, is sufficient in and of itself

to violate the Constitution. It is well established that, even where there is justification for a strip search the search must be conducted in a reasonable manner. A strip search is unreasonable if it is carried out in a non-private manner and in the presence of nonessential people, such as other detainees and inmates.

38.     Plaintiff Lainie Mangome was subjected to NYPD's unlawful policy of strip-searching detained individuals in a non-private manner.

39.     As a result of defendants' actions plaintiffs experienced personal and physical injuries (including injuries to Lainie Mangome's head, back, torso, arms, and wrists, and Maria Mangome's torso, arms and wrists), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

## FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

40.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

41.     The conduct of defendant officers, as described herein, amounted to false arrest, excessive force, malicious prosecution, unlawful search and seizure, unlawful strip search, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conversion of chattel, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

42.     The conduct of the defendant officers, as described herein, violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3), First, Fourth, Fifth, Sixth, and Fourteenth

8

Amendments to the United States Constitution by committing false arrest, excessive force, malicious prosecution, unlawful search and seizure, unlawful strip search, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conversion of chattel, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

43. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights secured by 42 U.S.C. §§ 1983 and 1985(3), First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

44. As a direct and proximate result of the misconduct and abuse detailed above, plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

45. The plaintiffs are also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiffs' rights.

**FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY**

46. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

47.     Commissioner Kelly is liable, in his official capacity, to plaintiffs because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

48.     Commissioner Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations, that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

49.     Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

50.     The aforesaid conduct by defendant Kelly violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by failing to retrain the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the subordinate defendant officers work, or at Kelly's Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those who question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees in violation of state law.

51.     As a direct and proximate result of the misconduct and abuse detailed above, plaintiffs experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

52. The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

**FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK**

53. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

54. The City of New York directly caused the constitutional violations suffered by plaintiffs.

55. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the individuals involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

56. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, retrain, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, assault citizens without consequence. Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

57. The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

58. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

59. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper,

including injunctive and declaratory relief.

DATED:   New York, New York
           February 2, 2006

                                        MICHAEL O. HUESTON, ESQ.
                                        *Attorney for Plaintiffs*
                                        350 Fifth Avenue, Suite 6110
                                        New York, New York 10118
                                        (212) 643-2900
                                        mhueston@nyc.rr.com
                                        By:

                                        _____
                                        MICHAEL OLIVER HUESTON (MH-0931)